IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOE LOUIS VALENTINE, JR.,             No. C-11-3922 TEH (PR)

        Petitioner,

        v.                             ORDER OF DISMISSAL

WARDEN D. LEWIS,

        Respondent.

_____/

        Petitioner Joe Louis Valentine, Jr., a state prisoner incarcerated at Pelican Bay State Prison, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging prison conditions. Doc. #1 at 2, 4-5.

        Petitioner challenges the conditions of his confinement: his gang validation and the gang validation process. Id. at 6. Petitioner's challenge to the conditions of his confinement by way of a federal petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner filing a civil rights complaint under 42 U.S.C. § 1983. Although the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought under

habeas, see Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979), the Ninth Circuit has held that habeas jurisdiction is absent, and a 42 U.S.C. § 1983 action proper, where, as here, a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

A Certificate of Appealability will be DENIED with request to Petitioner's claim. See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner). Specifically, Petitioner cannot demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Clerk shall terminate any pending motions as moot, enter judgment in accordance with this order and close the file.

IT IS SO ORDERED.

DATED  *1/31/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.11\Valentine-11-3922-dism-hc-as-cr.wpd

**2**